```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION

TARA HOOKER, et al.,              §
                                  §
                Plaintiffs,       §
                                  § Civil Action No. 3:09-CV-1289-D
VS.                               §
                                  §
DALLAS INDEPENDENT SCHOOL         §
DISTRICT, et al.,                 §
                                  §
                Defendants.       §
```

MEMORANDUM OPINION
AND ORDER

The court returns to this *pro se* lawsuit arising from the denial of special education services for plaintiffs' son. Defendants move to dismiss, presenting the dispositive questions whether plaintiffs have failed to exhaust their administrative remedies under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 *et seq.*, and whether they have failed to state claims on which relief can be granted. Concluding that they have failed to exhaust their administrative remedies as to three defendants and that they have failed to state a claim against the fourth defendant, the court grants the motions and dismisses this action by judgment filed today.

I

The relevant background facts and procedural history are set out in the court's prior memorandum opinion and order and need not be repeated at length. *See Hooker v. Dallas Indep. Sch. Dist.*, 2010 WL 4025877, at *1 (N.D. Tex. Oct. 13, 2010) (Fitzwater, C.J.)

("*Hooker I*"). Following the court's decision in *Hooker I*, plaintiffs Tara and Louis Hooker filed their fourth amended complaint against defendants the Texas Education Agency ("TEA"), Dallas Independent School District ("DISD"), Linda Tokoly ("Tokoly"), and Helen Norris ("Norris"). The Hookers allege that their son, D___H___ ("D.H."),[1] was denied timely and adequate special education services at his DISD elementary school. According to their fourth amended complaint,[2] the Hookers requested a special education evaluation in the 2006-07 school year, and D.H. was evaluated in April 2007. They aver that they filed in July 2007 a complaint with the TEA, the TEA issued its decision in October 2007, and they filed for a due process hearing in July 2008. The hearing officer found in favor of DISD and denied all requested relief. The Hookers filed this lawsuit on July 8, 2009.

---

[1] Fed. R. Civ. P. 5.2(a)(3) provides for the use of a minor's initials.

[2] In deciding defendants' Rule 12(b)(6) motion to dismiss, the court construes the Hookers' fourth amended complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). As the court explains below, to survive the motion, the Hookers must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U. S. ___, 129 S.Ct. 1937, 1949 (2009).

The Hookers filed a second amended complaint, alleging violations of the IDEA; § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; and a claim under 42 U.S.C. § 1983. The court dismissed the second amended complaint but granted the Hookers leave to replead. *See Hooker I*, 2010 WL 4025877, at *10. They filed their fourth amended complaint, which is at issue here, in January 2011.[3]

The Hookers generally allege violations of the IDEA, § 504 of the Rehabilitation Act, and the ADA, and a claim under § 1983.[4] Although they also assert that the TEA failed to discover that the evaluation submitted to the TEA was altered and that the hearing officer was biased in favor of DISD, they do not state the legal bases for these allegations. Because the Hookers are proceeding

---

[3]The Hookers filed a third amended complaint on November 12, 2010. In response, DISD filed a December 3, 2010 unopposed motion for more definite statement. In granting the motion, the court stated that "Plaintiffs must file a more definite statement—which can be in the form of a fourth amended complaint[.]" The Hookers then filed on January 3, 2011 the fourth amended complaint at issue here.

[4]There is no such thing as a "violation" of § 1983. "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates[,]" and an "underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citations and internal quotation marks omitted) (quoting *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)). Section 1983 therefore provides a remedial mechanism for alleged violations of constitutional or statutory rights. Section 1983 is not itself violated.

*pro se*, the court construes the allegations of the fourth amended complaint liberally. *See, e.g., Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The court therefore interprets the fourth amended complaint to allege causes of action against the TEA, DISD, Tokoly in her individual capacity, and Norris in her individual capacity under the IDEA, Rehabilitation Act, § 1983, and ADA, and an additional cause of action against the TEA.

DISD, Tokoly, and Norris move to dismiss the Hookers' claims under Fed. R. Civ. P. 12(b)(1), alleging that the Hookers have failed to exhaust administrative remedies, and under Rule 12(b)(6), contending that the Hookers' claims are barred by the statute of limitations and that they fail to state a claim upon which relief can be granted. The TEA moves to dismiss the Hookers' claims under Rule 12(b)(1), alleging that the Hookers failed to exhaust administrative remedies, and Rule 12(b)(6), alleging that they fail to state a claim upon which relief can be granted, that they lack standing, and that the TEA is immune from suit.

II

The court first considers whether it lacks subject matter jurisdiction based on the Hookers' failure to exhaust their administrative remedies.[5]

---

[5]*See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). If subject matter jurisdiction is lacking, the court must dismiss the suit. *See Stockman*, 138 F.3d at 151.

B

In *Hooker I* the court dismissed the Hookers' second amended complaint because they had not established that they exhausted their administrative remedies. *See Hooker I*, 2010 WL 4025877, at *6. The Hookers have not cured this deficiency in their fourth amended complaint. They only allege that they filed for a due process hearing in July 2008 and that the hearing decision was rendered in favor of DISD.

In *Hooker I* the court held that all of the Hookers' claims made in their second amended complaint were subject to the exhaustion requirement of the IDEA because they alleged "'injuries that could be redressed to any degree by the IDEA's administrative

---

the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

procedures and remedies.'" *Id.* (quoting *Padilla ex rel. Padilla v. Sch. Dist. No. 1*, 233 F.3d 1268, 1274 (10th Cir. 2000)). The court noted that, in the Fifth Circuit, the exhaustion requirement is jurisdictional, *id.* (citing *Gardner v. School Board Caddo Parish*, 958 F.2d 108, 112 (5th Cir. 1992)), but even if *Gardner* is no longer binding in light of intervening Supreme Court precedent, the Hookers failed to state a claim upon which relief could be granted because they failed to plead that they had exhausted administrative remedies, *id.* at *7. The court therefore dismissed the Hookers' second amended complaint under Rules 12(b)(1) and 12(b)(6).

"Merely alleging the occurrence of a due process hearing is insufficient; [the Hookers] must plead that each issue was administratively exhausted." *Id.* In their fourth amended complaint, the Hookers merely allege that a due process hearing took place; they do not aver that each issue was administratively exhausted. The allegations of the Hookers' fourth amended complaint are similar to those of the second amended complaint, in which the Hookers affirmatively pleaded that their lawsuit "is in no way limited to the issues of due process hearing held." 2d Am. Compl. 2. The fourth amended complaint alleges injuries that could be redressed to some degree by the IDEA's administrative procedures and remedies. The court therefore dismisses the Hookers' claims on

this basis.[6]

III

The court considers next whether the Hookers have stated a claim upon which relief can be granted against the TEA.[7]

A

The Hookers allege that the TEA failed to discover that the evaluation submitted to the TEA was altered and that the hearing officer was biased in favor of DISD. Specifically, they aver that several hearing officers made political contributions to two Texas state representatives who serve on an education committee.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[6]The ADA, the Rehabilitation Act, and the IDEA are meant to prevent discrimination by public agencies, not by individuals. *See D.A. v. Houston Indep. Sch. Dist.*, 716 F.Supp.2d. 603, 611 (S.D. Tex. 2009) ("Defendants argue that Plaintiffs cannot properly sue [the school principal and counselor] in their individual capacities for violations of IDEA, Section 504, the ADA or the Age Discrimination Act. The Court agrees."). The court could grant defendants' motions to dismiss the Hookers' claims against Tokoly and Norris in their individual capacities on this basis as well.

[7]The fourth amended complaint contains allegations against the TEA that were not explicit in the second amended complaint. In their fourth amended complaint, the Hookers allege that the TEA failed to discover that the evaluation submitted to the TEA was altered and that the hearing officer was biased in favor of DISD. Although any injuries that the Hookers have suffered could likely be redressed to some degree by the IDEA's administrative procedures and remedies, the court will determine whether the Hookers state a claim upon which relief can be granted against the TEA under Rule 12(b)(6). The court therefore assumes *arguendo* that the Hookers do not allege injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies as to the TEA.

relief[.]" While "the pleading standard Rule 8 announces does not require 'detailed factual allegations[,]'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "The court does not, however, 'rely upon conclusional allegations or legal conclusions that are disguised as factual allegations.'" *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *14 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) (quoting *Jeanmarie v. United States*, 242 F.3d 600, 602-03 (5th Cir. 2001)).

In deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

B

The court holds that the Hookers have failed to plead sufficient facts to state a claim to relief that is plausible on its face. The Hookers assert that the TEA did not investigate the allegedly false evaluation and that the hearing officer was biased. In the hearing officer's decision, the officer noted that the Hookers argued that DISD falsified records. The Hookers aver that the hearing officer was biased because she contributed to state representatives who serve on an education committee. But the Hookers do not show how these facts entitle them to relief. The Hookers also fail to point to, and the court has not found, any authority creating a private right of action against the TEA based on the Hookers' allegations. In other words, taking the Hookers' allegations as true, the Hookers have not shown that they are entitled to relief on any basis on which they sue.

IV

Having granted defendants' motions to dismiss, the court must now decide whether to permit the Hookers to replead.

As this court has explained, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies

before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks and citation omitted). Here, the court has given the Hookers more than one opportunity to amend their pleadings. That they are proceeding *pro se* does not require the court to allow them to file a *fifth* amended complaint.

* * *

Defendants' January 18, 2011 and January 24, 2011 motions to dismiss are granted. The Hookers' claims against DISD, Tokoly, and Norris are dismissed without prejudice for lack of subject matter jurisdiction,[8] and the claims against the TEA are dismissed with prejudice by judgment filed today.

**SO ORDERED.**

March 3, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[8]*See, e.g., Doe v. E. Baton Rouge Parish Sch. Bd.*, 121 F.3d 705, 1997 WL 450173, at *1 (5th Cir. July 15, 1997) (per curiam) (unpublished opinion) (affirming dismissal without prejudice for lack of jurisdiction due to a failure to exhaust administrative remedies provided by the IDEA, and holding that "[t]he district court was correct in dismissing this action without prejudice for lack of subject matter jurisdiction due to the plaintiffs' failure to exhaust administrative remedies.").